UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULIN, PAULIN & PAULIN, a French family business<br><br>Plaintiff,<br><br>v.<br><br>International Business Associates Limited d/b/a Interior Icons Hong Kong<br><br>Defendant. | Civil Action No. Civil Action No. 2:25-cv-09077-PA-MBK<br><br><br><br>**PERMANENT INJUNCTION** |

On October 20, 2025, the Parties filed a Stipulation for Entry of Permanent Injunction ("Stipulation") between Plaintiff Paulin, Paulin & Paulin ("Plaintiff") and Defendant International Business Associates Limited d/b/a Interior Icons Hong Kong ("Defendant"). The Court, having considered the Stipulation and finding good cause therefor, hereby ORDERS, ADJUDICATES, and DECREES that a permanent injunction shall be and is hereby entered in the above-referenced matter as follows:

1

IT IS HEREBY FOUND BY THE COURT, with the consent of the Plaintiff and Defendant that:

1. This Court has jurisdiction over Plaintiff and Defendant, and over the subject matter of this action.

2. Plaintiff alleges that it is the exclusive producer and seller of the distinctive and iconic Dune Ensemble, a seating module designed by Pierre Paulin in 1970, as well as other original designs by Mr. Paulin.

3. The Dune Ensemble is subject to a United States trade dress application (No. 98309041) ("the '041 Application'") filed with the United States Patent and Trademark Office ("USPTO"). Plaintiff alleges that the Dune Ensemble is instantly recognizable as a Pierre Paulin design, known for its distinct shape, size, and cushion configuration ("Paulin Trade Dress"). Plaintiff also alleges that it has been producing, distributing, and selling the Dune Ensemble and using the distinctive trade dress in commerce continuously since 2014.

4. Plaintiff alleges that it exclusively markets and sells the Dune Ensemble, the Groovy Chair, the Alpha Chair, and the Alpha Sofa.

5. Plaintiff filed a Complaint on September 22, 2025, alleging, *inter alia*, claims for trade dress infringement, false designation of origin, willful counterfeiting, and unfair competition against Defendant.

6. Plaintiff alleges that, in or around November 2024, it discovered that Defendant offers products on its website that copy Plaintiff's Dune Ensemble, Groovy Chair, Alpha Chair, and Alpha Sofa (the "Alleged Infringing Products").

7. Plaintiff alleges that Defendant's Alleged Infringing Products copy Plaintiff's protected trade dress, including the shape, size, number of cushions (e.g., Plaintiff's Dune Ensemble), in violation of Plaintiff's intellectual propertye rights.

8. The "Dune Ensemble" and "Wave" product are shown below:

| | |
|---|---|
| **Dune Ensemble** |  |
| **Wave Ensemble** | |

9. Plaintiff further alleges that Defendant also advertises and sells other products that infringe upon Plaintiff's intellectual property, including unauthorized copies of Paulin's Groovy Chair, Alpha Chair, and Alpha Sofa which are protected by United States Trade Dress registrations (Nos. 7251858, 7251856, and 7251857).

10. Plaintiff further alleges that Defendant's infringing versions of Groovy Chair,

Alpha Chair, and Alpha sofa copy Plaintiff's protected trade dress, including the shape and size, in violation of Plaintiff's intellectual property rights

    11.    Plaintiff further alleges that Defendant's products that infringe upon Paulin's Groovy Chair, Alpha Chair, and Alpha Sofa (collectively with the "Wave" product, the "Alleged Infringing Products") are shown below:

| | |
|---|---|
| **Groovy Chair** |  |
| **Interior Icons Chair** | |

| | |
|---|---|
| **Alpha Chair** |  |
| **Interior Icons Chair** | |
| **Alpha Sofa** |  |

| | |
|---|---|
| **Interior Icons Sofa** |  |

12. Plaintiff filed a Complaint on September 22, 2025, alleging *inter alia*, claims for trade dress infringement, false designation of origin, willful counterfeiting, and unfair competition.

13. The Complaint states a claim and injunctive relief is appropriate.

14. Plaintiff and Defendant have expressly waived any and all rights to appeal this permanent injunction and dismissal.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

a. Defendant, its respective present and former members, officers, directors, employees, beneficiaries, partners, affiliates, representatives, and agents, and respective predecessors, successors, assigns, licensees, heirs, executors, and administrators, and all those acting in concert or participation with any of them, shall themselves, and all other persons or entities under Defendant's control, are hereby permanently enjoined from:

    (1) Designing, manufacturing, importing, exporting, marketing, advertising, promoting, distributing, shipping, transferring, offering for sale, or selling the Alleged Infringing Products or any other product that incorporates the Paulin Trade Dress or is a colorable imitation of the Paulin Trade Dress;

    (2)    Using photographs, illustrations, or other depictions of the Paulin Trade Dress of any other product that incorporates the Paulin Trade Dress or is a colorable imitation of the Paulin Trade Dress on any commercial website or for any commercial purposes;

    (3)    The provisions of subparagraphs (1) and (2), above, shall expire and be of no further force or effect as to any of the Paulin Trade Dress if, (i) a court of competent jurisdiction issues a final, nonappealable order holding that any of the Paulin Trade Dress is invalid, unenforceable, or has been abandoned; or (ii) the U.S.P.T.O. refuses to register any of Application Nos. 7251858, 7251856, and 7251857.

    (4)    Passing off its goods and/or services as those of Plaintiff; and

    (5)    Engaging in any other conduct that falsely represents, or that is likely to confuse, mislead, or deceive consumers to believe, that Defendant or its products or services are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff.

    b.    This Court shall retain jurisdiction over the enforcement of the terms and conditions of this Permanent Injunction, thereby enabling the parties to apply to this Court at any time for further orders.

    c.    Except as provided herein, all claims are dismissed with prejudice, including any counterclaims by Defendant.

    d.    Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.

Dated: October 20, 2025

                                                          Percy Anderson
                                                          UNITED STATES DISTRICT JUDGE